**LTL ATTORNEYS LLP**
   James M. Lee (SBN 192301)
   James.Lee@ltlattorneys.com
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90017
Tel: 213-612-8900 / Fax: 213-612-3773

Attorneys for Plaintiff
Thomas McKeever

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS McKEEVER,<br><br>                Plaintiffs,<br><br>        v.<br><br>OPENSPEND, INC., a Delaware corporation; SEAN MANEY, an individual, and DOES 1 through 10,.<br><br>                Defendants. | Case No. 3:18-cv-02851-EDL<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br><br>Hearing Date:     December 4, 2018<br>Time:            9:00 a.m.<br>Courtroom:       Courtroom E |

# TABLE OF CONTENTS

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES.....................................................1

PRELIMINARY STATEMENT .........................................................................................1

STATEMENT OF FACTS ..................................................................................................2

ARGUMENT .......................................................................................................................3

I.  Legal Standard ...........................................................................................................3

II.  Dismissal Under 12(b)(1) is Unwarranted ...............................................................4

    A.  Plaintiff's Claims are Not Moot.......................................................................4

    B.  There is Diversity Jurisdiction Over Plaintiff's Claims...................................5

    C.  Jurisdiction Over Declaratory Judgment Claims .............................................8

    D.  No Forum Shopping .........................................................................................9

III.  Dismissal Under 12(b)(6) is Unwarranted ...............................................................9

    A.  Breach of Contract was Sufficiently Pled .....................................................10

    B.  Specific Performance was Sufficiently Pled ..................................................10

    C.  Fraud was Sufficiently Pled with Particularity .............................................12

    D.  Breach of Fiduciary Duty was Sufficiently Pled ..........................................14

    E.  Constructive Fraud was Sufficiently Pled with Particularity.......................17

    F.  Section 17200 Unfair Competition was Sufficiently Pled ............................18

    G.  If the Court Determines Plaintiff's Complaint is Found Insufficient,
       Leave to Amend Should Be Granted .............................................................20

CONCLUSION..................................................................................................................21

# TABLE OF AUTHORITIES

Page(s)

<u>CASES</u>

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ....................................................................................3, 4, 9

*Avemco Ins. Co. v. Davenport,*
  140 F.3d 839 (9th Cir. 1998) ...............................................................................8

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .............................................................................................3

*Blaustein v. Lord Baltimore Capital Corp.,*
  2013 WL 1810956 (Del. Ch. Apr. 30, 2013) ....................................................16

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,*
  20 Cal. 4th 163 (1999)...................................................................................19, 20

*CX Inc. v. Clarington Capital Grp. LLC,*
  2012 WL 4097752 (N.D. Cal. Sept. 17, 2012).................................................11

*Delta Mechanical, Inc. v. Garden City Group, Inc.,*
  2009 WL 2610796 (9th Cir. Aug. 26, 2009) ......................................................9

*Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.,*
  624 A.2d 1199 (Del. 1993).................................................................................17

*Firestone v. Firestone,*
  76 F.3d 1205 (D.C. Cir. 1996) ..........................................................................13

*Forest Guardians v. Johanns,*
  450 F.3d 455 (9th Cir. 2006) ...............................................................................4

*Gen. Motors Corp. v. Manly Oldsmobile-GMC, Inc.,*
  2007 WL 776261 (N.D. Cal. Mar. 12, 2007) .....................................................5

*Giannini v. Schering-Plough Corp.,*
  2007 WL 1839789 (N.D. Cal. June 26, 2007) ....................................................8

*Golden W. Baseball Co. v. City of Anaheim*,
25 Cal. App. 4th 11 (Ct. App. 1994) ........................................................................10

*Gov't Employees Ins. Co. v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) .....................................................................................9

*H-M Wexford LLC v. Encorp, Inc.*,
832 A.2d 129 (Del. Ch. 2003) ...................................................................................10

*Hoffman v. Citibank (S.D.), N.A.*,
546 F.3d 1078 (9th Cir. 2008) ...................................................................................14

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992 (9th Cir. 2006) .......................................................................................4

*In re Sagent Tech., Inc., Derivative Litig.*,
278 F. Supp. 2d 1079 (N.D. Cal. 2003) (applying Delaware law) ............................16

*J.B. Enterprises Int'l, L.L.C. v. Sid & Marty Krofft Pictures Corp.*,
2003 WL 21037837 (C.D. Cal. Mar. 3, 2003) ..........................................................10

*James v. Litton Loan Servicing, LP*,
2011 WL 724969 (N.D. Cal. Feb. 22, 2011)...............................................................17

*K. Durant Enterprises, LLC v. Swanson Travel Professionals, Inc.*,
2014 WL 545843 (C.D. Cal. 2014) ..............................................................................6

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001) .......................................................................................5

*Kaul v. Mentor Graphics Corp.*,
2016 WL 6249024 (N.D. Cal. Oct. 26, 2016) ...........................................................14

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)....................................................................................12

*Lewis v. Verizon Communications, Inc.*,
627 F3d 395 (9th Cir. 2010).........................................................................................7

*Los Angeles County v. Davis*,
440 U.S. 625 (1979) .....................................................................................................4

*Malone v. Brincat*,
  722 A.2d 5 (Del. 1998).................................................................15, 16

*Md. Cas. Co. v. Pacific Coal & Oil Co.*,
  312 U.S. 270 (1941) ...............................................................................8

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ...............................................................................8

*Moore v. Kayport Package Express, Inc*,
  885 F. 2d 531 (9th Cir. 1989)..........................................................12, 13

*Motors, Inc. v. Times Mirror Co.*,
  102 Cal. App. 3d 735 (Ct. App. 1980) ..................................................19

*Muckleshoot Indian Tribe v. U.S. Forest Service*,
  177 F.3d 800 (9th Cir. 1999) ...................................................................4

*Murphy v. Hunt*,
  455 U.S. 478 (1982) ................................................................................4

*Naffe v. Frey*,
  789 F.3d 1030 (9th Cir. 2015)..................................................................6

*Nedlloyd Lines B.V. v. Superior Court*,
  3 Cal. 4th 459, 11 Cal. Rptr. 2d 330, 834 P.2d 1148 (1992)..................14

*Neighbors of Cuddy Mountain v. Alexander*,
  303 F.3d 1059 (9th Cir. 2002) .............................................................4, 5

*Newnham v. United States*,
  813 F.2d 1384 (9th Cir. 1987) ...............................................................11

*Oasis West Realty, LLC v. Goldman*,
  51 Cal. 4th 811 (2011)...........................................................................10

*Odorizzi v. Bloomfield Sch. Dist.*,
  246 Cal. App. 2d 123 (Ct. App. 1966) ...................................................17

*Osborn ex rel. Osborn v. Kemp*,
  991 A.2d 1153 (Del. 2010).....................................................................11

*Pareto v. F.D.I.C.*,
139 F.3d 696 (9th Cir. 1998) ...................................................................................15

*Pastoria v. Nationwide Ins.*,
112 Cal. App. 4th 1490 (Ct. App. 2003) ..................................................................18

*People v. E.W.A.P. Inc.*,
106 Cal. App. 3d 315 (Ct. App. 1980) .....................................................................19

*Powell v. McCormack*,
395 U.S. 486 (1969) ..................................................................................................8

*Quelimane Co., Inc. v. Stewart Title Guaranty Co.*,
19 Cal. 4th 26 (1998) ..............................................................................................18

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
656 F.3d 966 (9th Cir. 2011) .....................................................................................9

*Ruiz v. Affinity Logistics Corp.*,
667 F.3d 1318 (9th Cir. 2012) ..................................................................................14

*Schall v. Hertz Corp.*,
78 Cal. App. 4th 1144 (Ct. App. 2000) ....................................................................18

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
806 F.2d 1393 (9th Cir. 1986) ..................................................................................20

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) ...................................................................................9

*Signal Hill Aviation Co. v. Stroppe*,
96 Cal. App. 3d 627, 158 Cal. Rptr. 178 (Ct. App. 1979) .......................................16

*Smith v. State Farm Mutual Automobile Ins. Co.*,
93 Cal. App. 4th 700 (Ct. App. 2001) .....................................................................19

*Snell v. Cleveland, Inc.*,
316 F3d 822 (9th Cir. 2002) .......................................................................................6

*Sparta Surgical Corp. v. Natal Ass'n of Secs. Dealers, Inc.*,
159 F.3d 1209 (9th Cir. 1998) ....................................................................................7

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
    303 U.S. 283 (1938).................................................................................6, 7

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
    845 A.2d 1031 (Del. 2004).........................................................................15

*Tribeca Companies, LLC v. First Am. Title Ins. Co.*,
    239 Cal. App. 4th 1088, 192 Cal. Rptr. 3d 354 (Ct. App. 2015) ............................15

*Tyler v. Children's Home Soc'y*,
    29 Cal. App. 4th 511 (Ct. App. 1994) ......................................................17

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015)......................................................12

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ......................................................................7

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2 003).........................................................12, 19

*VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*,
    673 F. Supp. 2d 1073 (E.D. Cal. 2009)......................................................19

## STATUTES

28 U.S.C. § 1332.............................................................................6
28 U.S.C. § 1332(a).........................................................................5
28 U.S.C. § 1332(a)(2)......................................................................5
28 U.S.C. § 1332(c)(1)......................................................................6
28 U.S.C. § 1367(a) ........................................................................7
28 U.S.C. § 1653............................................................................6
28 U.S.C. § 2201............................................................................8
Article III of the U.S. Constitution ......................................................8
California Business and Professions Code section 17200..........................3, 18, 19, 20
California Civil Code Section 1573 .....................................................3, 20

## RULES

Fed. R. Civ. P. 8(a)(1)......................................................................5
Fed. R. Civ. P. 8(d)(2) .....................................................................16
Fed. R. Civ. P. 15(a)(2).....................................................................13

Fed R. Civ. P. 8(a)(2) .................................................................................. 3
Federal Rule of Civil Procedure 12(b)(6) .................................................... 9
Federal Rules of Civil Procedure 9(b) .............................................. 12, 13
Rule 8 ....................................................................................................... 18
Rule 8(a) ................................................................................................... 17
Rule 12 ....................................................................................................... 9

OTHER AUTHORITIES

Restatement (Second) of Conflict of Laws § 306 (1971) .......................... 14

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## **PRELIMINARY STATEMENT**

Defendants' motion to dismiss should be denied. Plaintiff properly alleged the Court's jurisdiction over this matter and alleged claims of relief. This case arose in response to the unjust and wrongful actions of Sean Maney, the President and majority shareholder of OpenSpend. Thomas McKeever, a well-regarded attorney with a breadth of legal general counsel experience, was hired by Maney to work for OpenSpend as the corporation's Chief Operating Officer and General Counsel.

In McKeever's offer to work for OpenSpend, Maney made several false and misleading representations regarding his future stock options. In reliance on these misrepresentations, McKeever began working for OpenSpend and signed two Notice of Stock Option Agreements. When McKeever attempted to exercise his vested stock options, Defendants cashed his checks, refused to give him stock for over one year, and seek to challenge McKeever's right to keep that stock in a Texas state court case.

It was not until after McKeever filed this suit that Defendants claimed to have delivered physical stock certificates to him. However, Defendants have done nothing to confirm their authenticity.  For example, they are not electronic stocks as was promised and the stocks do not comport with the numbering of the other stock certificates issued by OpenSpend.  Moreover, the authenticity and proprietary of the stock issuance is all the more suspect in that Defendants still intend to maintain their Texas court action contesting the basis for issuance of stock certificates. Consequently, the issuance of stock certificates has not resolved anything related to McKeever's rights to that stock, McKeever has been harmed by Defendants' failure to deliver authentic stock certificates and by Defendants' wrongful conduct with the intent of denying him the stock that he earned and paid for.

Therefore, the Court should deny Defendants' motion to dismiss.

1

## STATEMENT OF FACTS

2       Thomas McKeever, a resident of California, is suing Sean Maney, a resident of

3    Texas or Massachusetts, and OpenSpend, which is incorporated in Delaware and

4    headquartered in Massachusetts. Compl. ¶ 4–6. "[A]n actual controversy has arisen

5    and still exists between the parties relating to Plaintiff's status as shareholder of

6    OpenSpend and its related rights." *Id.* ¶ 57. Maney is the founder, President, and

7    majority owner of OpenSpend. *Id.* ¶ 6, 42. Maney hired McKeever as OpenSpend's

8    Chief Operating Officer and General Counsel. *Id.* ¶ 20. Maney mislead "Plaintiff in

9    connection with his employment and compensation including stock options." *Id.* ¶ 50.

10   In person, in "the weeks leading up to August 1, 2016," Maney "made a number of

11   oral representations . . . [with] no intention of honoring these representations." *Id.* ¶

12   42, 44. "In reliance of these representations, Mr. McKeever accepted the [job] offer

13   and began to work for Defendants." *Id.* ¶ 43. "McKeever worked solely for stock

14   options from his hire date in or about July 2017 through December 31, 2017.

15   Thereafter he earned both cash and a reduced number of stock options." *Id.* ¶ 17.

16   McKeever and Maney, on behalf of OpenSpend, then signed two Notice of Stock

17   Option Agreements. *Id.* ¶ 19. In June 2017, McKeever was terminated. *Id.* ¶ 21.

18       The next month, McKeever "sent exercise notices along with two checks of

19   $5,503.41 and $4,876.92 (total $10,380.33) to exercise vested options for 54,088

20   shares and 61,149 shares. Defendants promptly cashed these checks." *Id.* ¶ 22, 36.

21   Plaintiff has alleged that he "performed all duties, promises, and obligations required

22   of him by the Stock Option Agreements to fully exercise his option rights, and all

23   conditions precedent have been satisfied." *Id.* ¶ 29, 35. Under the terms of the Stock

24   Option Agreements, Defendants were required to "transfer all shares of OpenSpend

25   pursuant to the requirements of the Stock Option Agreements." *Id.* ¶ 37.  Defendants

26   failed "to deliver the promised and paid for shares of OpenSpend stock." *Id.* ¶ 30.

27   Instead of the electronic shares promised, Defendants delivered physical stock

28   certificates that do not comport with the number of the other stock certificates that

were issued. *Id.* ¶ 26.  Despite claiming that authentic stock certificates were delivered, Defendants continue to maintain their action in Texas. *Id.*  ¶ 27. In Defendants' Texas action, they contend that Plaintiff is not entitled to the stock certificates due to alleged misconduct by Plaintiff. *Id.* ¶ 56. Therefore, Plaintiff has requested that the Court recognize his status as shareholder and determine the authenticity of the stock certificates. *Id.* ¶ 54–55.

Plaintiff has alleged the following causes of action: Breach of Contract, Specific Performance, Fraud, Breach of Fiduciary Duty, Constructive Fraud under California Civil Code Section 1573 and the common law, Declaratory Relief, and a violation of California Business and Professions Code section 17200 et seq. Plaintiff also alleged an amount in controversy "in excess of $75,000." *Id.* ¶ 11. Plaintiff has been harmed by Defendants' failure "to deliver the stock certificates after cashing the checks by Plaintiff." *Id.* ¶ 59. These damages are based on the value of the stock and on Defendants' "despicable conduct with the intent of injuring Plaintiff and subjecting him to cruel and unjust hardship in conscious disregard of his rights." *Id.* ¶ 24, 47, 52. The damages were the "direct and proximate result" of Defendants' actions. *Id.* ¶ 51–52.

## **ARGUMENT**

### I.   **Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1   that the defendant is liable for the misconduct alleged." *Id.* In reviewing the motion,

2   the Court must assume the truth of all factual allegations and construe them most

3   favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992,

4   997 (9th Cir. 2006).

5

6   **II.     Dismissal Under 12(b)(1) is Unwarranted**

7          Through diversity jurisdiction, the Court has subject matter jurisdiction over

8   McKeever's claims in the Amended Complaint, including his claim for declaratory

9   relief. Therefore, supplemental jurisdiction is not required. Furthermore, McKeever's

10   claims cannot be deemed moot.

11          **A.     Plaintiff's Claims are Not Moot**

12          "A 'moot action' is one where issues are no longer live or parties lack a legally

13   cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982).

14   Generally, a case becomes moot when "(1) it can be said with assurance that there is

15   no reasonable expectation that the alleged violation will recur and (2) interim relief or

16   events have completely and irrevocably eradicated the effects of the alleged

17   violation." *Los Angeles County v. Davis*, 440 U.S. 625, 632 (1979).

18          The Ninth Circuit has noted its "reluctance to invoke the doctrine of mootness"

19   and has stressed "the 'heavy' evidentiary burden that a party must carry in order to

20   establish mootness." *Muckleshoot Indian Tribe v. U.S. Forest Service*, 177 F.3d 800,

21   815 (9th Cir. 1999). "The party asserting mootness bears the burden of establishing

22   that there is no effective relief that the court can provide," and "a case is not moot

23   where any effective relief may be granted." *Forest Guardians v. Johanns*, 450 F.3d

24   455, 461 (9th Cir. 2006). As the Ninth Circuit has found, "completion of activity is

25   not the hallmark of mootness. Rather, a case is moot only where no effective relief

26   for the alleged violation can be given." *Neighbors of Cuddy Mountain v. Alexander*,

27   303 F.3d 1059, 1065 (9th Cir. 2002).

28          Defendants claim that McKeever's claims are moot because OpenSpend issued

and delivered physical stock certificates. Mot. to Dismiss at 7. Although Defendants delivered physical stock certificates, the physical stock certificates do not appear genuine. For example, Defendants stated that "electronic shares" would be issued, yet allegedly issued paper ones. Compl. ¶ 26. Moreover, the stock numbers do not appear to comport with the numbering of the other stock certificates that were issued. *Id.* Additionally, the Court can still render effective relief, such as declaratory relief to ascertain McKeever's status as a shareholder which is still being challenged in Defendants' Texas state court action. Therefore, the doctrine of mootness is improperly invoked.

## B.     There is Diversity Jurisdiction Over Plaintiff's Claims

The complaint in a federal action must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A federal court has diversity jurisdiction over the underlying dispute (1) if the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A complaint should only be dismissed for lack of subject matter jurisdiction where "it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recover." *Gen. Motors Corp. v. Manly Oldsmobile-GMC, Inc.*, No. C-07-0233 JCS, 2007 WL 776261, at *2 (N.D. Cal. Mar. 12, 2007).

### 1.     Allegations of Citizenship are Sufficiently Pled

A federal district court has jurisdiction over a civil action between a citizen of a state and a citizen of a foreign state. 28 U.S.C. § 1332(a)(2). To establish citizenship for diversity purposes, a natural person must be (1) a citizen of the United States and (2) domiciled in a state of the United States. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is the state where the person resides with the intention to remain indefinitely. *Id.*

The Complaint has alleged that "Sean Maney is an individual that . . .  resides in either or both of Austin, Texas and Boston, Massachusetts." Compl. ¶ 6. If Maney is deemed a citizen of Texas or of Massachusetts, diversity jurisdiction is clear.

However, if the Court finds that the Complaint improperly alleged the citizenship of Maney, the pleadings may be amended on terms the Court deems just. 28 U.S.C. § 1653; *Snell v. Cleveland, Inc.*, 316 F3d 822, 828 (9th Cir. 2002) (allowing amendment even after final judgment where diversity existed).

For businesses, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Complaint alleged that "OpenSpend, Inc. is a corporation incorporated under the laws of the state of Delaware with its headquarters at 1300 Soldiers Field Road, Suite 2, Boston, Massachusetts 02135." Compl. ¶ 5. Under § 1332, OpenSpend is a citizen of both Delaware and Massachusetts. Therefore, because McKeever is a citizen of California, there is diversity of citizenship between McKeever and OpenSpend.

## 2.   Plaintiff has Satisfied the Amount in Controversy Requirement

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that the amount in controversy "exceeds the sum or value of $75,000 exclusive of interest and costs." The amount in controversy is determined from the allegations of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (holding that an inability to recover an amount adequate to give court jurisdiction does not show bad faith or oust court of jurisdiction). Plaintiffs need not itemize or show how they arrived at the amounts of damages claimed. A general conclusory allegation that the damages exceed the minimum jurisdictional limit is sufficient. *K. Durant Enterprises, LLC v. Swanson Travel Professionals, Inc.*, 2014 WL 545843, *2 (C.D. Cal. 2014).

Defendants' contention that the dispute does not meet the amount in controversy threshold under 28 U.S.C. §1332(a) is incorrect. On a motion to dismiss, the Court "must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). "Events occurring subsequent to the institution of suit

which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938). The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *Lewis v. Verizon Communications, Inc.*, 627 F3d 395, 400 (9th Cir. 2010).

Here, the Complaint alleged that "[t]he amount in controversy is in excess of $75,000." Compl. ¶ 11. Specifically, it is alleged that "[u]pon information and belief, [the stock] shares are valued in excess of $75,000." *Id.* ¶ 24. Therefore, Plaintiff has sufficiently alleged the amount in controversy which exceeds the jurisdictional amount needed for diversity jurisdiction.

### 3.   No Supplemental Jurisdiction Needed

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution." 28 U.S.C. § 1367(a). This embodies the requirement that all claims "arise from a common nucleus of operative facts" so that "considerations of judicial economy, convenience and fairness to litigants" support a single adjudication. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court has diversity jurisdiction over this action, as stated above. Therefore, the Court does not require supplemental jurisdiction over any of McKeever's claims.

Even if diversity jurisdiction no longer existed, this Court would still have the discretion to retain jurisdiction over Plaintiff's claims pursuant to its supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). The Ninth Circuit has held that jurisdiction is analyzed based on the pleadings when the case is first brought to federal court and subsequent changes to a plaintiff's claims do not compel an automatic remand and dismissal. *See Sparta Surgical Corp. v. Natal Ass'n of Secs. Dealers, Inc.*, 159 F.3d

1209, 1213 (9th Cir. 1998). Rather, "[t]he court may retain supplemental jurisdiction over state claims even if the federal claims over which it had original jurisdiction are dismissed." *Giannini v. Schering-Plough Corp.*, No. C-06-06823-SBA, 2007 WL 1839789, at *3 (N.D. Cal. June 26, 2007).

## C.   Jurisdiction Over Declaratory Judgment Claims

Though not a separate cause of action, the Supreme Court has noted that declaratory relief may be considered independently even if there are other appropriate forms of relief. *Powell v. McCormack*, 395 U.S. 486, 499 (1969). The Declaratory Judgment Act, 28 U.S.C. § 2201, expressly states that a federal court may grant declaratory relief "in a case . . . within its jurisdiction." *See Avemco Ins. Co. v. Davenport*, 140 F.3d 839, 842 n.1 (9th Cir. 1998) (recognizing diversity as proper basis for federal jurisdiction over action for declaratory judgment). The Act authorizes declaratory relief only in "a case of actual controversy." 28 U.S.C. § 2201. The statutory phrase "case or controversy" refers to the types of "cases" or "controversies" that are justiciable under Article III of the U.S. Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 125–26 (2007). Where diversity jurisdiction exists, the district court has discretion to hear a declaratory judgment action. *Avemco Ins. Co. v. Davenport*, 140 F.3d 839, 842 n.1 (9th Cir. 1998). The test for determining subject matter jurisdiction in declaratory judgment actions is whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

"[A]n actual controversy has arisen and still exists between the parties relating to Plaintiff's status as shareholder of OpenSpend and its related rights." Compl. ¶ 57. In Defendants' Texas action, they contend that Plaintiff is not entitled to the stock certificates. *Id.* ¶ 56. Therefore, Plaintiff has requested that Defendants recognize his status as shareholder and verify the authenticity of the stock certificates. *Id.* ¶ 54–55.

Therefore, because this case involves a substantial controversy between parties

having adverse legal interests, the Court may properly authorize declaratory judgment.

### D.   No Forum Shopping

A district court should "discourage litigants from filing declaratory actions as a means of forum shopping." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). Forum shopping refers to "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011).

Defendants' allegation of forum shopping cannot stand because Plaintiff was not informed of the Texas lawsuit until after Plaintiff filed this suit and gave notice to Defendants. *See* Decl. of James M. Lee ¶ 2. Additionally, despite claiming that authentic stock certificates were delivered, Defendants continue to maintain their action in Texas claiming that Plaintiff is not entitled to these stock certificates. Compl. ¶ 27. Therefore, this suit was properly brought in California.

## III.   Dismissal Under 12(b)(6) is Unwarranted

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In considering such a motion, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not allege detailed factual allegations, but must contain sufficient factual allegations which, if accepted as true, state a claim to relief which is plausible on its face. *Id.* at 679. Post-*Iqbal*, the Ninth Circuit has clarified that granting a Rule 12 motion to dismiss is inappropriate where "[t]he factual content of the complaint and reasonable inferences therefrom are plausibly suggestive of a claim entitling [plaintiff] to relief." *Delta Mechanical, Inc. v. Garden City Group, Inc.*, 2009 WL 2610796, at *1 (9th Cir. Aug. 26, 2009).

## A.   Breach of Contract was Sufficiently Pled

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). These elements are similar to the elements of a breach of contract under Delaware law, which requires: "1) a contractual obligation; 2) a breach of that obligation by the defendant; and 3) a resulting damage to the plaintiff." *H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129, 140 (Del. Ch. 2003).

Here, Plaintiff has properly plead his breach of contract claim under both California and Delaware law. Plaintiff alleged the existence of a contract when he referred to the "Notice of Grant Stock Option" Agreements. Compl. ¶ 29–30. Plaintiff also specifically alleges his performance or excuse for nonperformance of this contract. *Id.* ¶ 29. Additionally, Defendants' breach was alleged in Defendants' failure "to deliver the promised and paid for shares of OpenSpend stock." *Id.* ¶ 30. Finally, Plaintiff alleged that he "suffered damages because he has been deprived of the bargained-for benefit of his contract with OpenSpend, i.e., the OpenSpend stock." *Id.* ¶ 31.

Therefore, McKeever does plead sufficient allegations to plausibly state a claim for breach of contract.

## B.   Specific Performance was Sufficiently Pled

Specific performance is not a separate claim for relief, but a "remedy for a breach of contract." *Golden W. Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 49 (Ct. App. 1994). "To state a claim for specific performance, a plaintiff must allege all of the elements for breach of contract and the terms of the agreement must be sufficiently certain to make the precise act which is to be done clearly ascertainable." *J.B. Enterprises Int'l, L.L.C. v. Sid & Marty Krofft Pictures Corp.*, No. CV 02-7779 CBM (SHX), 2003 WL 21037837, at *3 (C.D. Cal. Mar. 3, 2003) (internal quotation

1  marks omitted). Similarly, under Delaware law, "[a] party seeking specific

2  performance must establish that (1) a valid contract exists, (2) he is ready, willing,

3  and able to perform, and (3) that the balance of equities tips in favor of the party

4  seeking performance." *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del.

5  2010).

6      Plaintiff meets the elements of specific performance under California and

7  Delaware law. Plaintiff established the existence of a contract when he referred to the

8  "Notice of Grant Stock Option" Agreements and properly alleged a breach of said

9  contract, as stated above. Compl. ¶ 29–30, 36–38. Additionally, Plaintiff has alleged

10  that he "performed all duties, promises, and obligations required of him by the Stock

11  Option Agreements to fully exercise his option rights, and all conditions precedent

12  have been satisfied." *Id.* ¶ 35. Under the terms of the Stock Option Agreements,

13  Defendants' required action is clearly ascertainable—"transfer all shares of

14  OpenSpend pursuant to the requirements of the Stock Option Agreements." *Id.* ¶ 37.

15  The balance of equities also tips in Plaintiff's favor. "Plaintiff paid the full purchase

16  price for the exercise of his option rights under the Stock Option Agreements." *Id.* ¶

17  36. Furthermore, "Plaintiff has no adequate remedy at law to enforce the provisions

18  of the Stock Option Agreement, other than specific enforcement of the Stock Option

19  Agreement" because "OpenSpend is a privately-held company and its share are not

20  publicly traded." *Id.* ¶ 39.

21      Specific performance is also available where the subject matter of the contract

22  "is considered so unique that a money judgment does not suffice for a remedy."

23  *Newnham v. United States*, 813 F.2d 1384, 1386 (9th Cir. 1987). Regarding stock

24  "[u]nder Delaware law, specific performance of a stock purchase agreement is

25  available . . . if the stock is not generally available in the market place, it is unique, or

26  has unique value to the purchaser." *CX Inc. v. Clarington Capital Grp. LLC*, No. CV-

27  11-05191 PSG, 2012 WL 4097752, at *1 (N.D. Cal. Sept. 17, 2012). Therefore,

28  specific performance is especially appropriate as the subject matter at issue is unique

because "OpenSpend is a privately held company" and "[i]ts shares are not publicly traded." Compl. ¶ 34. Therefore, because Plaintiff can seek the remedy of specific performance, and because Plaintiff has properly pled a breach of contract, the Court should deny Defendants' motion.

### C.   Fraud was Sufficiently Pled with Particularity

Federal Rules of Civil Procedure 9(b) requires plaintiffs alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This Circuit has provided some general direction for pleading fraud, directing plaintiffs in their pleadings to identify the "who, what, when, where, and how" of the misconduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2 003)). The particularity is satisfied when read with the "short and plain" requirement of Rule 8, if the pleading identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer form its allegations. *Moore v. Kayport Package Express, Inc,* 885 F. 2d 531, 540 (9th Cir. 1989).

Plaintiff has pleaded fraud with sufficient particularity by identifying the "who, what, when, where, and how" of Defendants' misconduct in paragraphs 42, 43, and 44 of the Complaint. Though Plaintiff alleges generally that "Defendants had no intention of honoring these representations," this general allegation is acceptable when the defendant is a corporation. Compl. ¶ 44. All that is required is that the plaintiff generally "allege the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities." *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. 2015).

Maney, who is the founder, President, and majority owner of OpenSpend, is specifically named in the Complaint. Compl. ¶ 6, 42. The act of fraud is also

specifically pled, stating that Maney "made a number of oral representations . . . [with] no intention of honoring these representations." *Id.* ¶ 42, 44. The oral representations are also specifically detailed in the Complaint. *Id.* ¶ 42. "In reliance of these representations, Mr. McKeever accepted the [job] offer and began to work for Defendants." *Id.* ¶ 43 This fraudulent act occurred in person in "the weeks leading up to August 1, 2016." *Id.* ¶ 42. These cited paragraphs of the Complaint qualify as a "short and plain" statement under Rule 8, yet also satisfy Rule 9(b) by identifying the circumstances constituting fraud so that Defendants can respond. *Moore v. Kayport Package Express, Inc.*, 885 F. 2d 531, 540 (9th Cir. 1989).

Plaintiff also specifically pled reliance with particularity by stating that "[i]n reliance of [Defendants'] representations, Mr. McKeever accepted the [job] offer." Compl. ¶ 43. McKeever's legal background is not relevant to this inquiry. Even if it was, there was no legal reason for McKeever to initially question Defendants' representations.

Plaintiff also specifically alleged damages. The Complaint states that "Plaintiff has been damaged in an amount to be demonstrated at trial but believed in excess of $75,000." *Id.* ¶ 46. These damages are based on the value of the stock and on Defendants' "despicable conduct with the intent of injuring Plaintiff and subjecting him to cruel and unjust hardship in conscious disregard of his rights." *Id.* ¶ 47.

Here, the Complaint alleges the circumstances constituting fraud with sufficient particularity to allow the Defendants to clearly understand the nature of the charges against them. Therefore, the motion to dismiss on these grounds should be denied.

Even if the Court finds that Plaintiff failed to meet the specific pleading requirements of Rule 9(b), the general rule is that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see, e.g.*, *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("leave to amend is 'almost always' allowed to cure deficiencies in pleading fraud").

**D. Breach of Fiduciary Duty was Sufficiently Pled**

**1. California Law Applies**

"California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws ("187(2)") dictates a different result." *Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (citation omitted). As a threshold matter, a court must determine "whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 11 Cal. Rptr. 2d 330, 834 P.2d 1148, 1152 (1992). The district court should consider (1) whether applying Delaware law "is contrary to a fundamental policy of California," and then (2) "whether California has a materially greater interest than [Delaware] in resolution of the issue." *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1323 (9th Cir. 2012). If California law applies, California's internal affairs doctrine requires that "obligations owed by a majority shareholder to the corporation and to the minority shareholders will be determined by the local law of the state of incorporation, except in the unusual case where, with respect to the particular issue, some other state has a more significant relationship . . . to the parties and to the corporation, in which event the local law of the other state will be applied." *Kaul v. Mentor Graphics Corp.*, No. 16-CV-02496-BLF, 2016 WL 6249024, at *9 (N.D. Cal. Oct. 26, 2016), *aff'd*, 730 F. App'x 437 (9th Cir. 2018) (quoting Restatement (Second) of Conflict of Laws § 306 (1971)).

Here, California has a strong interest in applying California law to a dispute arising in California regarding McKeever, a citizen of California. Compl. ¶ 4. Delaware cannot plausibly have interest in a case alleging breach of fiduciary duty by Maney, a non-citizen officer. *Id.* ¶ 6. Therefore, California has a more significant relationship to the parties and California law should apply.

1
2

## 2. Plaintiff Alleged a Direct Claim Against OpenSpend and Maney

3   In determining whether a stockholder's claim is derivative or direct, the issue
4   must solely turn on the following questions: "(1) who suffered the alleged harm (the
5   corporation or the suing stockholders, individually); and (2) who would receive the
6   benefit of any recovery or other remedy (the corporation or the stockholders,
7   individually)?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033
8   (Del. 2004). "[A] court should look to the nature of the wrong and to whom the relief
9   should go." *Id.* at 1039. Similarly, under California law, "the pivotal question is
10  whether the injury is incidental to or an indirect result of a direct injury to the
11  corporation or to the whole body of its stock or property." *Pareto v. F.D.I.C.*, 139
12  F.3d 696, 699 (9th Cir. 1998) ("the mere presence of an injury to the corporation does
13  not necessarily negate the simultaneous presence of an individual injury.").

14  Here, McKeever suffered a direct injury "in excess of $75,000" by Defendants
15  breach of fiduciary duty. Compl. ¶ 51. There is no derivative claim here that could
16  plausibly cause injury to OpenSpend and there is no relief that should go the
17  OpenSpend. Defendants argue that "OpenSpend would receive the benefit of the
18  recovery by avoiding a hypothetical breach of the Stock Option Agreement by one of
19  its officers and directors." Mot. to Dismiss at 20. Under this logic, a direct claim
20  could never be brought against a corporation's officer because the corporation would
21  always receive a benefit if the suit was dismissed.

22  Therefore, there is no basis to hold that the Complaint states a derivative claim.

## 3. Defendant Breached his Fiduciary Duty

24  "The elements of a cause of action for breach of fiduciary duty are: (1)
25  existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage
26  proximately caused by the breach." *Tribeca Companies, LLC v. First Am. Title Ins.*
27  *Co.*, 239 Cal. App. 4th 1088, 1114, 192 Cal. Rptr. 3d 354, 375 (Ct. App. 2015).
28  Under Delaware law, only the first two elements are required. *Malone v. Brincat*, 722

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

A.2d 5, 10 (Del. 1998) ("A claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed and (2) that the defendant breached that duty."). Even if corporations do not owe a fiduciary duty to their shareholders, under both California and Delaware law, "officers and directors of

a corporation owe a fiduciary duty to the corporation and its shareholders." *In re Sagent Tech., Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1093 (N.D. Cal. 2003) (applying Delaware law). *Signal Hill Aviation Co. v. Stroppe*, 96 Cal. App. 3d 627, 639, 158 Cal. Rptr. 178, 185 (Ct. App. 1979) ("The cases are legion which hold that a director or officer of a corporation acts in a fiduciary capacity with respect to the corporation."). Furthermore, "the fiduciary duties that a controlling stockholder owes to minority stockholders are those duties that the directors of a publicly-held corporation owe to all shareholders generally." *Blaustein v. Lord Baltimore Capital Corp.*, No. CIV.A. 6685-VCN, 2013 WL 1810956, at *16 (Del. Ch. Apr. 30, 2013), *aff'd*, 84 A.3d 954 (Del. 2014).

Here, Plaintiff has sufficiently pleaded breach of fiduciary duty under California and Delaware law. The existence of a fiduciary duty was alleged in paragraph 49 of the Complaint: "By virtue of Plaintiff's status as a putative shareholder, Defendants owe Plaintiff a fiduciary duty." Furthermore, a breach of this fiduciary duty was alleged in paragraph 50 when Maney mislead "Plaintiff in connection with his employment and compensation including stock options." Compl. ¶ 50. Therefore, as the President of OpenSpend and the majority shareholder, Maney owes a fiduciary duty to McKeever as a shareholder of OpenSpend. *Id.* ¶ 6. Plaintiff also alleged damages that were the "direct and proximate result" of Maney's breach of fiduciary duty. *Id.* ¶ 51–52. Therefore, Plaintiff has properly pled his claim for a breach of fiduciary duty.[1]

---

[1] A party asserting several theories of recovery based on the same set of circumstances may set forth each theory in one count or separate counts. Fed. R. Civ. P. 8(d)(2). Therefore, Plaintiff's pleading breach of fiduciary duty and constructive fraud in the alternative is permissible.

Contrary to the Defendants' argument that Plaintiff must plead breach of fiduciary with particularity, Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a); *see also Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1207 (Del. 1993) (holding that breach of fiduciary duty claims, even pled along side fraud claims, are not required to be pled with particularity). Plaintiff merely argued in the alternative the claim of constructive fraud, which will be addressed below.

Therefore, Plaintiff has sufficiently pled a breach of fiduciary duty claim in accordance with Rule 8(a).

### E.   Constructive Fraud was Sufficiently Pled with Particularity

Plaintiff argued in the alternative that "Defendants committed constructive fraud against Plaintiff." Compl. ¶ 50. A claim for constructive fraud "arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter to his prejudice." *Tyler v. Children's Home Soc'y*, 29 Cal. App. 4th 511, 548 (Ct. App. 1994) (quoting *Odorizzi v. Bloomfield Sch. Dist.*, 246 Cal. App. 2d 123, 129 (Ct. App. 1966)). The elements of constructive fraud are "(1) a fiduciary relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury." *James v. Litton Loan Servicing, LP*, No. C 10-05407 CRB, 2011 WL 724969, at *10 (N.D. Cal. Feb. 22, 2011).

The allegations in the Complaint state a claim for constructive fraud. As detailed above, Maney owed a fiduciary duty to Plaintiff which he breached. Compl. ¶ 49–50. Plaintiff has alleged that Defendants committed constructive fraud by "misleading Plaintiff in connection with his employment and compensation including stock options." *Id.* ¶ 50. There was no disclosure by Defendants and Defendants' conduct was done "with the intent of injuring Plaintiff." *Id.* ¶ 52. As previously pled, "[i]n reliance of [Defendants'] representations, Mr. McKeever accepted the [job] offer." *Id.* ¶ 43. This act of constructive fraud led to damages to Plaintiff "in excess of

$75,000." *Id.* ¶ 51. Therefore, Plaintiff has properly alleged all the elements of constructive fraud.

Plaintiff has also pled constructive fraud with sufficient particularity. Maney and OpenSpend are specifically named. *Id.* ¶ 52. The act of constructive fraud is also specifically pled, stating that Defendants were "misleading Plaintiff in connection with his employment and compensation including stock options." *Id.* ¶ 50. It is further pled that "[a]s a direct and proximate result of the fraud and wrongful conduct alleged above, Defendants have engaged in despicable conduct with the intent of injuring Plaintiff and subjecting him to cruel and unjust hardship in conscious disregard of his rights and that such actions were done fraudulently, maliciously, and oppressively." *Id.* ¶ 52. Plaintiff also specifically alleged damages, stating: "Plaintiff has been damaged in an amount to be demonstrated at trial but believed in excess of $75,000." *Id.* ¶ 51. Plaintiff also "reallege[d] and incorporate[d] by reference" all the paragraphs in the fraud section of the Complaint. *Id.* ¶ 48.

Therefore, the claim for constructive fraud is adequately pled in the Complaint.

### F.     Section 17200 Unfair Competition was Sufficiently Pled

California Business and Professions Code section 17200 et seq. ("Section 17200") prohibits "unfair competition" which is defined to mean "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code, § 17200 et seq. Courts have thus construed the statute as prohibiting three different types of conduct: (1) acts or practices which are "unfair"; (2) acts or practices which are "unlawful"; and (3) acts or practices which are "fraudulent." *See e.g.*, *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (Ct. App. 2003); *Schall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1167 (Ct. App. 2000). The California Supreme Court has made clear that, under "the well-settled rule" in California, Section 17200 does not require "fact-specific pleading" except in pleading fraud. *Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 46–47 (1998). In any event, federal procedures govern in federal court, and Rule 8 requires only a "short and plain statement" of the claim.

1    *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104–106 (9th Cir. 2003).

2           An "unfair" business act or practice under Section 17200 necessitates

3    allegations that the conduct "offends an established public policy" or "is immoral,

4    unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v.*

5    *State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 719 (Ct. App. 2001).

6    To sufficiently plead an action based on an "unfair" business act or practice, a

7    plaintiff must allege facts showing the "unfair" nature of the conduct and that the

8    harm caused by the conduct outweighs any benefits that the conduct may have. *VP*

9    *Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073, 1087 (E.D. Cal.

10   2009). "Since the complaint is unlikely to reveal defendant's justification, if the

11   pleading states a prima facie case of harm, . . . the defendant should be made to

12   present its side of the story." *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735,

13   740 (Ct. App. 1980).

14          Here, the Complaint properly alleges an unfair business act and states a prima

15   facie case of harm. Plaintiff has been harmed by Defendants' failure "to deliver the

16   stock certificates after cashing the checks by Plaintiff." Compl. ¶ 59. Plaintiff has also

17   alleged unfairness, as Plaintiff was entitled to stock he paid for but which were never

18   delivered. *Id.* ¶ 61. Defendants' unfair act and the harm it caused Plaintiff outweighs

19   any conceivable benefits from the Defendants conduct. Additionally, "Plaintiff has no

20   plain, speedy, or adequate remedy at law" and Defendants "will continue to violate

21   systematically the provisions of sections 17200 et seq." *Id.* ¶ 62.

22          Nearly any law or regulation, statutory or common law, can serve as predicate

23   for a Section 17200 "unlawful" violation. Thus, if a business practice violates any

24   law, it also violates Section 17200 and may be redressed under that section. *People v.*

25   *E.W.A.P. Inc.*, 106 Cal. App. 3d 315, 319 (Ct. App. 1980). California cases

26   interpreting the UCL have explained, in no uncertain terms, just how broad it really

27   is: "[i]ts coverage is sweeping, embracing anything that can properly be called a

28   business practice and that at the same time is forbidden by law." *Cel-Tech*

*Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations and citations omitted). Moreover, the UCL "borrows" violations of other laws and treats them as "unlawful practices" that the UCL makes independently actionable. *Id.*

Here, Defendants have engaged in an unlawful business act. Plaintiff has properly alleged that "Defendants have committed acts of unfair business practice as defined in California Business and Professions Code Section 17200 et seq. by failing to deliver the stock certificates after cashing the checks by Plaintiff." Compl. ¶ 59–60. Plaintiff does not only allege a violation under California Business and Professions Code Section 17200 et seq., but also California Civil Code Section 1573 for the Defendants act of constructive fraud against Plaintiff, as discussed above. *Id.* ¶ 50.

Therefore, Plaintiff's Section 17200 unfair and unlawful claim is sufficiently pled.

## G.     If the Court Determines Plaintiff's Complaint is Found Insufficient, Leave to Amend Should Be Granted

For the reasons set forth above, Plaintiff's claims are sufficiently pled, and Defendants' Motions to Dismiss must be denied. If, however, the Court determines that there is a deficiency in any of Plaintiff's causes of action, leave to amend should be granted. *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Furthermore, as a protective matter, Plaintiff respectfully requests leave to amend in the event Defendants' motion to dismiss is granted.

# CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully request this Court deny Defendants' motions to dismiss. However, to the extent this Court should find that Plaintiff has not adequately alleged any of the legal theories discussed herein, Plaintiff respectfully request leave to amend to supplement those allegations and claims.

Date:  November 13, 2018

Respectfully submitted,

LTL ATTORNEYS LLP

By:  */s/ James M. Lee*

James M. Lee
*Attorneys for Plaintiff*
*Thomas McKeever*

# CERTIFICATE OF SERVICE

The Undersigned hereby certifies that the foregoing document has been served on counsel of record via the Court's CM/ECF system.

*/s/ James M. Lee*

James M. Lee