1 | LTL ATTORNEYS LLP
James M. Lee (Bar No. 192301)
2 | 300 S. Grand Avenue, Suite 1400
Los Angeles, CA 90071
3 | Tel: (213) 612-8900
Fax: (213) 612-3773
4 | Email: james.lee@ ltlattorneys.com

5 | Attorneys for Plaintiff
Thomas McKeever

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| THOMAS McKEEVER, | CASE NO.: 3:18-cv-02851-EDL |
|---|---|
| Plaintiff, | SECOND AMENDED COMPLAINT |
| v. | 1. BREACH OF CONTRACT<br>2. SPECIFIC PERFORMANCE<br>3. FRAUD |
| OPENSPEND, INC., a Delaware corporation; SEAN MANEY, an individual, and DOES 1 through 10, | 4. BREACH OF FIDUCIARY DUTY<br>5. DECLARATORY JUDGMENT<br>6. CAL. BUS. PROF. CODE SECTION 17200 |
| Defendants. | |
| | DEMAND FOR A JURY TRIAL |

Plaintiff Thomas McKeever complains of Defendants OpenSpend, Inc. and Sean Maney and alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under diversity of citizenship. The District Court has jurisdiction under Title 28 U.S.C. § 1332 and Fed. R. Civ. P. 8(a).

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim and the actual harm to Plaintiff occurred in this District by reason of the Defendants' conduct as alleged below. Venue is proper in any judicial district in which any defendant would be amenable to personal jurisdiction.

3. Defendants are subject to the personal jurisdiction in this District as a result of the following: (i) Defendants' knowledge that Plaintiff resided in this District at the time of entering the agreements; (ii) Defendants' knowledge that the injury would be likely to be suffered in this District; and (iii) Defendants conduct or solicit business within this District, have targeted this jurisdiction with the conduct giving rise to this action and have availed itself of the privilege of doing business in this jurisdiction.

**PARTIES**

4. Thomas McKeever is an individual residing in this District and domiciled in California.

5. OpenSpend, Inc. is a corporation incorporated under the laws of the state of Delaware with its headquarters at 1300 Soldiers Field Road, Suite 2, Boston, Massachusetts 02135.

6. Sean Maney is an individual that, upon information and belief, is domiciled in either or both Texas and Massachusetts. Mr. Maney is the founder, President, and owner of more than fifty percent (50%) of OpenSpend, Inc.

7. The identities of the fictitiously named Defendants are not currently known, and this complaint will be amended to include the names of such individuals or entities, when the same is known.

8. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this complaint, Defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent, and approval of each other.

9. Further, Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, are the alter ego of one another in that neither of the business entitles are or were properly capitalized, corporate formalities are and were not followed, and that Defendant Sean Maney uses the entity shells for his own personal affairs.

**DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY**

10. There is diversity of citizenship between the parties.

11. The amount in controversy is in excess of $75,000.

**FACTS GIVING RISE TO THIS ACTION**

12. OpenSpend is in the business of providing a back-office software solution to hair salon operators. Although OpenSpend had grown since its founding, Mr. Maney realized that he was not adept at providing mature organizational structure to the business. The company was in organizational disarray where corporate formalities and basic finance procedures were not followed. As the company began to scale, these issues became more and more

pronounced. Accordingly, in 2016, Defendants began to search for executives with deep experience as the company expanded.

13. One of the positions that they needed was a Chief Operating Officer and General Counsel. Defendants' search lead them to Mr. McKeever. Mr. McKeever was the former general counsel of a NASDAQ listed company (acquired by another publicly listed company). Mr. McKeever attended the University of California, Berkeley as an undergraduate and is a graduate of Stanford Law School. He externed as a clerk in the Northern District of California and was a judicial clerk in the Central District of California. Mr. McKeever was living in his hometown of San Francisco and acting as interim general counsel for another NASDAQ company when Mr. Maney approached him about joining.

14. Accordingly, in the weeks leading up to August 1, 2016, Mr. Maney made a number of oral representations, many of which were memorialized in a written offer contract letter presented to Mr. McKeever. These representations included:

    A. Defendants would substitute equity for cash earned as base salary for Plaintiff;

    B. Company would issue 133,417 stock option shares in lieu of cash;

    C. Each month that Plaintiff was not paid his base salary or bonus, the stock options would vest 1/12 of those shares;

    D. If the Company did not raise $1 million or achieved annual monthly recurring revenue of $150,000 before the options vested, the Company would issue additional options with the same vesting schedule;

-3-

SECOND AMENDED COMPLAINT

   E. Plaintiff would be granted a separate stock option of 288,470 common stock of OpenSpend vesting in equal quarterly installments over the next 4 years.

15. In reliance on these representations, Mr. McKeever accepted the offer to work for Defendants, moved to Austin, Texas, and gave up other business opportunities he had been pursuing in California.

16. Defendants had no intention of honoring these representations.

17. Mr. McKeever worked solely for stock options from his start date on July 15, 2016 through December 31, 2016. Thereafter he earned both cash and a reduced number of stock options.

18. Several OpenSpend documents show the number of options granted to Mr. McKeever have always been consistent and never changed. On August 1, 2016, OpenSpend and Mr. McKeever entered into an employment agreement through an offer letter, signed by Mr. Maney. In that letter, OpenSpend promised to grant Mr. McKeever one set of options of 133,417 shares with monthly vesting and another 288,470 shares with quarterly vesting. Emails sent by Mr. Maney and Mr. McKeever to the Board of Directors in preparation for the October 24, 2016 board meeting also reflect these option grants.

19. On October 24, 2016, in a regular meeting, OpenSpend's Board of Directors approved a stock option plan and granted stock options to a number of board members, officers, employees and other individuals, including Mr. McKeever. At this telephonic directors meeting, all members of the Board of Directors (Allan Grant, Sean Maney, Ivan Matyunin, Dan Phillips, and Frank Zona) were present when the stock option plan was presented and approved. During the meeting, Mr. Phillips, an OpenSpend board member, walked the Board of Directors, including Mr. Maney through all of the option grants made in the meeting (to each of the members of the Board of Directors, Mr. Maney and

other executives and individuals). Ultimately, the option agreements issued by OpenSpend and signed by Mr. Maney reflect these exact same numbers. In fact, all stock grant numbers from the offer letter, emails preparing the board for the meeting where the options were granted (including to Mr. Maney), board minutes, and other documents are and were consistent with what was in the grant documents. At no time did Mr. Maney express any confusion or surprise at the stock option plan and the shares granted to each person.

20. In accordance with that plan, in October 2016, Mr. McKeever and Mr. Maney, on behalf of OpenSpend, signed two Notice of Stock Option Agreements (attached as Exhibit "A" and "B" to this complaint).

21. Mr. McKeever's work at OpenSpend as its COO and General Counsel was met with indifference by Mr. Maney. Whereas Mr. McKeever realized that various organizational steps were needed to remedy operational issues, and that these issues would exacerbate as the Company grew, Mr. Maney showed little interest in Mr. McKeever's suggestions for structural improvements. For example, Mr. Maney questioned the need for: (a) license agreements with OpenSpend's customers; (b) a professional valuation of OpenSpend before issuing stock options; and (c) holding board meetings. On information and belief, although OpenSpend was formed in or about 2011, OpenSpend held one board meeting prior to an October 2016 board meeting organized by Mr. McKeever.

22. The relationship deteriorated when in June 2017, Mr. Maney terminated Mr. McKeever.

23. The next month, Mr. McKeever sent exercise notices along with two checks of $5,503.41 and $4,876.92 (total $10,380.33) to exercise vested options for 54,088 shares and 61,149 shares. Defendants promptly cashed these checks.

24. Mr. Maney and OpenSpend, acknowledged Mr. McKeever's entitlement to the shares. During severance negotiations, in an email dated July

-5-

27, 2017, Mr. Maney told Mr. McKeever OpenSpend would provide him (among other things) $10,000 in return for a proxy to vote his shares. However, Mr. Maney also wanted a general release in his favor, and would not agree to a mutual release. The severance arrangement was never consummated. Upon information and belief, the reason why Mr. Maney continued to insist on a general release in his favor was because he was continuing to execute his acts of fraud and breach of fiduciary duty against Mr. McKeever.

25. From the time Mr. Maney caused OpenSpend to cash Mr. McKeever's checks for the exercise of his stock options in July 2016 until filing this lawsuit, Mr. McKeever repeatedly asked for stock certificates before filing this lawsuit. Upon information and belief, these shares are valued in excess of $75,000 based on a good faith estimate of the value of the stock (regardless of their face value).

26. Plaintiff was forced to file suit because Defendants have failed to deliver valid stock certificates to Mr. McKeever, despite cashing Mr. McKeever's checks and, acknowledging receipt of Mr. McKeever exercise notices after initially denying they received them.

27. Although counsel for Defendants delivered physical stock certificates on or about September 19, 2018, the physical stock certificates do not appear to be genuine. For example, although "electronic shares" were supposed to be issued, Defendants only delivered physical stock certificates. Moreover, the numbers on the physical stock certificates do not appear to comport with the numbering of the other electronic stock certificates that were issued. Despite requests to confirm the authenticity, Defendants have refused.

28. Moreover, despite claiming in this action that the stocks were delivered, Defendants are continuing to maintain their action in Texas that

suggests the very opposite: i.e., that Plaintiff is not entitled to these stock certificates.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

29. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 28 above as though fully set forth herein.

30. Plaintiff has performed all obligations and complied with all conditions and requirements under the Notice of Grant Stock Option and its related vesting schedule. To the extent that Plaintiff has not performed all obligations and complied with all of the conditions and requirements his performance has been excused, waived, prevented or made impossible or impracticable by Defendants.

31. Defendants have breached the Stock Option Agreement by failing to deliver the promised and paid for shares of OpenSpend stock.

32. As a direct and proximate cause of Defendants' breaches, Plaintiff has suffered damages because he has been deprived of the bargained-for benefit of his contract with OpenSpend, *i.e.*, the OpenSpend stock.

33. In addition to mandatory injunctive relief or damages, Plaintiff is entitled to compensation for his expenses in this litigation.

## SECOND CLAIM FOR RELIEF
## SPECIFIC PERFORMANCE

34. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 33 above as though fully set forth herein.

35. OpenSpend is a privately held company. Its shares are not publicly traded. The stock certificates evidencing ownership are therefore unique.

36. Plaintiff has performed all duties, promises, and obligations required of him by the Stock Option Agreements to fully exercise his option rights, and all conditions precedent have been satisfied.

37. Within the time prescribed by the Stock Option Agreements, Plaintiff paid the full purchase price for the exercise of his option rights under the Stock Option Agreements.

38. Because Plaintiff has fully exercised his option rights under the Stock Option Agreement, OpenSpend is required to transfer all shares of OpenSpend pursuant to the requirements of the Stock Option Agreements.

39. Plaintiff has demanded that OpenSpend immediately transfer stock certificates underlying the shares to Plaintiff, but Defendants without any stated reason continue to fail to deliver and transfer valid shares. Accordingly, OpenSpend is in breach of the Stock Option Agreement.

40. Plaintiff has no adequate remedy at law to enforce the provisions of the Stock Option Agreement, other than specific enforcement of the Stock Option Agreement. OpenSpend is a privately-held company and its share are not publicly traded.

41. Plaintiff is entitled to specific performance of the terms, conditions, and provisions of the Stock Option Agreement.

### THIRD CLAIM FOR RELIEF
### FRAUD

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above as though fully set forth herein.

43. As outlined above, in the weeks leading up to August 1, 2016, Mr. Maney made a number of oral representations, many of which were memorialized

in a written offer contract letter presented to Mr. McKeever. These representations included:

    A. Defendants would substitute equity for cash earned as base salary for Plaintiff;

    B. Company would issue 133,417 stock option shares in lieu of cash;

    C. Each month that Plaintiff was not paid his base salary or bonus, the stock options would vest 1/12 of those shares;

    D. If the Company did not raise $1 million or achieved annual monthly recurring revenue of $150,000 before the options vested, the Company would issue additional options with the same vesting schedule;

    E. Plaintiff would be granted a separate stock option of 288,470 common stock of OpenSpend vesting in equal quarterly installments over the next 4 years.

44. In reliance of these representations, Mr. McKeever accepted the offer to work for Defendants, moved to Austin, Texas, and gave up pursuing other business opportunities in California.

45. Defendants had no intention of honoring these representations.

46. Mr. McKeever worked solely for stock options from his hire date in or about July 2016 through December 31, 2016. Thereafter he earned both cash and a reduced number of stock options.

47. Plaintiff has been damaged in an amount to be demonstrated at trial but believed in excess of $75,000. This amount is based on Plaintiff's inconvenient and costly move to Austin, Texas and Plaintiff's lost business opportunities in California.

48. As a direct and proximate result of the fraud and wrongful conduct alleged above, Defendants have engaged in despicable conduct with the intent of

injuring Plaintiff and subjecting him to cruel and unjust hardship in conscious disregard of his rights and that such actions were done fraudulently, maliciously, and oppressively. Plaintiff is therefore entitled to punitive and exemplary damages against Mr. Maney and OpenSpend in an amount sufficient to punish and make an example of them.

## FOURTH CLAIM FOR RELIEF
## BREACH OF FIDUCIARY DUTY

49. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above as though fully set forth herein.

50. As President and majority shareholder of OpenSpend, Mr. Maney owed and continues to owe a fiduciary duty to all shareholders of OpenSpend.

51. No later than July 2017, Mr. Maney owed Plaintiff a fiduciary duty when Plaintiff sent exercise notices with two checks to exercise vested stock options and Defendants cashed Plaintiff's checks.

52. By virtue of Plaintiff's status as a putative shareholder, Defendant Maney owes Plaintiff a fiduciary duty to act with the utmost fidelity, honesty, integrity, and care in connection with their dealings and obligations with Plaintiff as it relates to his shareholder status.

53. Mr. McKeever asked for stock certificates to be issued on multiple occasions but Defendants have not issued valid shares and continue to contest their validity. Therefore, Plaintiff was forced to file this suit.

54. Plaintiff has been damaged in an amount to be demonstrated at trial but believed in excess of $75,000. This amount includes the cost of filing this lawsuit, the attorneys' fees related to this lawsuit, and Plaintiff's inability to exercise his shareholder rights.

55. As a direct and proximate result of the fraud and wrongful conduct alleged above, Defendant Maney has engaged in despicable conduct with the intent of injuring Plaintiff and subjecting him to cruel and unjust hardship in conscious disregard of his rights and that such actions were done fraudulently, maliciously, and oppressively. Plaintiff is therefore entitled to punitive and exemplary damages against Mr. Maney in an amount sufficient to punish and make an example of him.

## FIFTH CLAIM FOR RELIEF
## DECLARATORY RELIEF

56. Plaintiff realleges and incorporates by reference paragraphs 1 through 55 above as though fully set forth herein.

57. Plaintiff has validly exercised his option rights pursuant to the Stock Option Agreements and has therefore requested that Defendants recognize his status as shareholder. Plaintiff sent numerous letters to Defendants making such requests.

58. Not until after Plaintiff filed this action in this Court, did Defendants deliver physical stock certificates, which they simultaneously, hypocritically claim are invalid. As outlined above, Defendants have not verified the authenticity of the certificates.

59. But Defendants still refuse to dismiss their Texas action, in which Defendants contend that Plaintiff is not entitled to the certificates due to alleged misconduct by Plaintiff. Indeed, Defendants outline these same reasons for refusing to acknowledge the legitimacy of the stock grants in their portion of the Case Management Statement in Defendants' Position in Section 2 as a defense to issuing the shares.

-11-

SECOND AMENDED COMPLAINT

60. Accordingly, an actual controversy has arisen and still exists between the parties relating to Plaintiff's status as shareholder of OpenSpend and its related rights. Defendants cannot issue share certificates while at the same time disavowing their legitimacy.

## SIXTH CLAIM FOR RELIEF
## CAL. BUS. AND PROF. CODE SECTION 17200

61. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 above as though fully set forth herein.

62. Defendants have committed acts of unfair business practice as defined in California Business and Professions Code section 17200 et seq. by failing to deliver the stock certificates after cashing the checks by Plaintiff.

63. Under section 17200 et seq., this Court is authorized to enter such judgment or order as may be necessary to restore to any person in interest the money or property acquired by Defendants through their unlawful and unfair business practices.

64. Plaintiff is, therefore, entitled to a judgment requiring Defendants to deliver the stock certificates to which he was and is entitled but which has been denied him by reason of Defendants' conduct alleged herein.

65. Plaintiff has no plain, speedy, or adequate remedy at law, and will continue to violate systematically the provisions of sections 17200 et seq.

66. Pursuant to section 17205 of the California Business and Professions Code, the remedies and penalties provided by section 17200 et seq. are cumulative to the remedies and penalties available under all other laws of California.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment in its favor against Defendants as follows:

1. That the Court award all damages associated with each cause of action asserted in this complaint, including incidental and consequential damages flowing from Defendants' conduct;

2. An order of specific performance ordering that Defendants deliver valid stock certificates to Plaintiff;

3. Costs of suit and attorneys' fees;

4. Punitive damages;

5. And that Plaintiff be granted such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

DATED: December 18, 2018           LTL ATTORNEYS LLP

By: _____
James M. Lee
Attorneys for Plaintiff
Thomas McKeever

-13-

SECOND AMENDED COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: December 18, 2018  LTL ATTORNEYS LLP

By: _____
James M. Lee
Attorneys for Plaintiff
Thomas McKeever

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 18, 2018, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, using the Court's Electronic Case Filing ("ECF") system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept notice of this document by electronic means.

*/s/ James M. Lee*
James M. Lee
