UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MCKEEVER,<br>    Plaintiff,<br>v.<br>OPENSPEND, INC., et al.,<br>    Defendants. | Case No. 18-cv-02851-EDL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 35 |

Defendants Sean Maney and OpenSpend, Inc. move to dismiss Plaintiff Thomas McKeever's claims for lack of subject matter jurisdiction, arguing that Plaintiff's allegations do not meet the jurisdictional minimum for the amount in controversy and that his claims are moot. They also move to dismiss Plaintiff's claims for lack of personal jurisdiction. The Court **DENIES** Defendants' motion.

**I.  BACKGROUND**

Defendant Sean Maney is the founder, president, and majority owner of Defendant OpenSpend, Inc. Second Amended Complaint ("SAC") ¶ 6. OpenSpend provides back-office software to hair salons. SAC ¶ 12. In 2016, Defendants began to search for executives with deep experience as the company expanded. SAC ¶ 12. Maney approached Plaintiff about joining OpenSpend as General Counsel and Chief Operating Officer. SAC ¶ 13. At the time, Plaintiff was living in San Francisco. SAC ¶ 13. Maney made several oral representations about the position to Plaintiff, many of which were memorialized in a written offer contract letter. SAC ¶ 14. The representations included the following:

    A.  Defendants would substitute equity for cash earned as base salary for Plaintiff;
    B.  Company would issue 133,417 stock option shares in lieu of cash;

    C. Each month that Plaintiff was not paid his base salary or bonus, the stock options would vest 1/12 of those shares;
    D. If the company did not raise $1 million or achieve annual monthly recurring revenue of $150,000 before the options vested, the Company would issue additional options with the same vesting schedule;
    E. Plaintiff would be granted a separate stock option of 288,470 common stock of OpenSpend vesting in equal quarterly installments over the next four years.

SAC ¶ 14. Plaintiff accepted the employment offer in reliance on these representations. SAC ¶ 15. He moved to Austin, Texas and gave up other business opportunities he had been pursuing in California. SAC ¶ 15.

On October 24, 2016, OpenSpend's Board of Directors approved a stock option plan and granted stock options to Plaintiff as well as a number of other individuals and employees. SAC ¶ 19. The meeting was conducted telephonically. SAC ¶ 19. Maney and all other members of the Board of Directors were present. SAC ¶ 19. The stock option plan approved for Plaintiff was consistent with the one included in his offer letter. SAC ¶ 19. In October 2016, Plaintiff and Maney signed two Notice of Stock Option Agreements. SAC ¶ 20, Ex. A & Ex. B. The Agreements list the number of option shares and the Exercise Price, which was $0.09 per stock. Ex. A at 1, Ex. B at 1. Each agreement also states that the "Exercise Price represents an amount the Company believes to be no less than the fair market value of a Share as of the Date of the Grant." Ex. A at 1, Ex. B at 1. The Stock Option Agreements include a total of 421,887 option shares. Ex. A at 1, Ex. B at 1.

From the date of his hire in about July 15, 2016 through December 31, 2016, Plaintiff received only stock options as compensation. SAC ¶ 17. Thereafter, Plaintiff earned both cash and a reduced number of stock options. SAC ¶ 17. In June 2017, Maney terminated Plaintiff after disregarding Plaintiff's suggestions for structural improvements. SAC ¶¶ 21-22.

In July 2017, Plaintiff sent exercise notices along with checks for $5,503.41 and $4,876.92 to exercise vested options for 54,088 shares and 61,149 shares. SAC ¶ 23. Defendants promptly cashed the checks. SAC ¶ 23. Defendants acknowledged Plaintiff's entitlement to the shares during severance negotiations. SAC ¶ 24. The parties never consummated a severance agreement. SAC ¶ 24. Plaintiff requested that OpenSpend issue stock certificates several times.

SAC ¶ 25. Plaintiff states that on information and believe the shares are valued in excess of $75,000. SAC ¶ 25. OpenSpend failed to deliver valid stock certificates. SAC ¶ 26.

On September 19, 2018, Defendants delivered physical stock certificates to Plaintiff. SAC ¶ 27. However, Plaintiff disputes whether the certificates are genuine because Defendants had originally agreed to issue electronic shares rather than papers ones and the stock numbers do not appear to comport with the numbering of the other stock certificates that were issued. SAC ¶ 27. Plaintiff has requested that Defendants confirm the authenticity of the stock certificates, but they have refused. SAC ¶ 27.[1]

## II.  PROCEDURAL HISTORY

On May 15, 2018, Plaintiff filed his first complaint against all Defendants. On September 18, 2018, the Court held an initial case management conference, at which Defendants stated their belief that the case was moot because they had delivered stock certificates to Plaintiff. The Court also learned that Defendants had already filed a case against Plaintiff in Texas for breach of fiduciary duty, legal malpractice, and fraud in federal district court in Texas. Dkt. 18 ¶ 10. The Court ordered the parties to engage in mediation by December 21, 2018.

On October 16, 2018, Plaintiff filed his first amended complaint. He asserted claims for breach of contract, based on Defendants' failure to deliver the stock certificates, fraud based on Defendants' alleged intention never to honor the representations they made in the offer letter; breach of fiduciary duty based on Defendants' conduct to Plaintiff as a putative shareholder; and violations of California's Unfair Competition Law ("UCL"). He sought damages, specific performance, attorney's fees, punitive damages, and/or declaratory relief.

On October 30, 2018, Defendants moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction based on mootness and lack of diversity jurisdiction and for failure to state a claim. The Court granted in part and denied in part Defendants' motion, ruling that Plaintiff's claims were not moot and that Plaintiff had sufficiently alleged the amount in

---

[1] Plaintiff repeats this allegation from his first amended complaint. Since that time, Defendants have confirmed the authenticity of the shares several times: first in briefing filed before the Court, then orally at the hearing on Defendants' motion to dismiss Plaintiff's first amended complaint, and finally in a declaration filed by Sean Maney in support of this motion.

3

controversy.

On December 18, 2018, Plaintiff filed a second amended complaint. On January 2, 2019, Defendants filed this motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction. On January 16, 2019, Plaintiff opposed Defendants' motion. On January 23, 2019, the Court granted the parties' stipulation to stay the briefing and hearing on the motion for sixty days, as they attempted to settle this action and the Texas action. The case did not settle, and Plaintiff filed a reply.

### III.    SUBJECT MATTER JURISDICTION

Defendants' motion to dismiss for lack of subject matter jurisdiction primarily repeats arguments that the Court has already rejected. For the reasons stated in the Court's January 8, 2019 order and this order, the Court denies Defendants' motion.

#### A.    Diversity Jurisdiction

When a plaintiff files suit originally in federal court, the case raises traditional state tort claims, and the complaint affirmatively alleges that the amount in controversy exceeds the jurisdictional threshold, "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less." Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015). Defendants argue that there is no diversity jurisdiction because Plaintiff's complaint establishes that the value of his claims is less than $75,000. Defendants contend that the Stock Option Agreements show on their face that the value of the stock is only $37,969.13. Defendants appear to be calculating that amount by multiplying the Exercise Price by the total number of shares that it would be possible to purchase. Plaintiff paid a total of $10,380.33 to purchase 115,237 shares. However, the Exercise Price reflected the estimated value of the shares at the time the agreement was executed, which was October 28, 2016. Ex. A at 1, Ex. B at 1. Plaintiff filed his complaint on May 15, 2018. Nothing in the complaint or in Defendant's motion establishes the current value of the shares as a legal certainty. Plaintiff alleges that the shares are currently valued in excess of $75,000. SAC ¶¶ 10-11. The Court must accept that allegation for purposes of determining diversity jurisdiction. The Court denies Defendants' motion to dismiss for lack of diversity jurisdiction.

### B. Mootness

"A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." Knox v. Serv. Employees Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) (internal quotations omitted). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." Stromberg v. Ocwen Loan Servicing, LLC, No. 15-CV-04719-JST, 2017 WL 2686540, at *7 (N.D. Cal. June 22, 2017) (quoting Chafin v. Chafin, 568 U.S. 165, 172 (2013)) (internal quotations omitted).

Defendants argue Plaintiff's claims are moot because they have issued the stock certificates to Plaintiff, Plaintiff did not reject the stock certificates, Defendants have confirmed in their motion that the stock options are genuine, and Plaintiff is not seeking alternative relief. Plaintiff argues that the case is not moot because the physical stock certificates do not appear genuine. Plaintiff maintains that he does not believe the stocks are genuine. He states that the Court could provide relief by issuing a declaration stating that the certificates are genuine. The Court previously held that Plaintiff's claims were not moot, in part because Defendants had not provided a declaration stating that the stocks were genuine. Defendants have now done so. Maney Decl. ¶ 6. Still, the Court has not issued a declaration that the stocks are genuine.

Plaintiff also argues that the case is not moot because he seeks other relief. He suggests that the Court could issue an order on his declaratory judgment claim, in which he asserts that Defendants dispute his status as a shareholder because, in the Texas action, they contend that he is not entitled to stock certificates, due to various alleged misconduct. SAC ¶¶ 56-60. Plaintiff seeks a declaration that he is entitled to those shares, free and clear of any lien, encumbrance, adverse claim, restriction on sale, transfer or voting restrictions, etc. The Court previously held that it had jurisdiction over Plaintiff's default judgment and that it was premature to decline to exercise jurisdiction. Most importantly, Defendants do not address the fact that Plaintiff's second amended complaint seeks damages related to moving to Austin, Texas and giving up business opportunities he had been pursuing in California.

Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's claims as moot.

Case 3:18-cv-02851-EDL   Document 45   Filed 05/02/19   Page 6 of 8

## IV. PERSONAL JURISDICTION

Defendants move to dismiss Plaintiff's claims under Rule 12(b)(2) for lack of personal jurisdiction. Plaintiff argues that Defendants have waived any objection to personal jurisdiction.

The Federal Rules prohibits a party that has already made a motion under Rule 12 from bringing a second motion under Rule 12 raising a defense or objection that could have been but was not raised in its earlier motion. Fed. R. Civ. P. 12(g)(2). "As a general rule, if a party files a responsive pleading or makes a Rule 12 motion but does not raise personal jurisdiction as a defense, the party waives the right to raise personal jurisdiction later." In re Cathode Ray Tube (CRT) Antitrust Litig., 27 F. Supp. 3d 1002, 1008 (N.D. Cal. 2014) (citing Fed. R. Civ. P. 12(h)); see also AT&T Corp. v. Teliax, Inc., No. 16-CV-01914-WHO, 2016 WL 4241910, at *2 (N.D. Cal. Aug. 11, 2016) (holding that party that had omitted a challenge to personal jurisdiction from its first Rule 12(b) motion had waived that challenge). The Ninth Circuit has strictly construed the waiver rules. Bos. Telecommunications Grp., Inc. v. Deloitte Touche Tohmatsu, 249 F. App'x 534, 537 (9th Cir. 2007) (citing Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1106 (9th Cir. 2000) ("A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived.").

In Sloan v. Gen. Motors LLC, 287 F. Supp. 3d 840, 856 (N.D. Cal. 2018), order clarified, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018), the court allowed the defendant to challenge personal jurisdiction in a motion to dismiss a second amended complaint, but only as to plaintiffs who had been newly named in the second amended complaint. The court held that the defendant had waived its challenge to personal jurisdiction with respect to the other plaintiffs because it had not raised them at the first available opportunity. Id.

Plaintiff argues that Defendants waived their challenge to personal jurisdiction because they did not raise it when they moved to dismiss Plaintiff's first amended complaint on October 30, 2019. Defendants respond that because an amended pleading supersedes all prior pleadings, defendants are entitled to a clean slate. They rely on two district court cases from Illinois. Vasich v. City of Chicago, No. 11 C 04843, 2013 WL 80372, at *10 (N.D. Ill. Jan. 7, 2013) and MG

1  Design Assocs., Corp. v. CoStar Realty Info., Inc., 267 F. Supp. 3d 1000, 1010 (N.D. Ill. 2017).
2  These cases are not controlling and are both distinguishable. Vasich is inapposite because it does
3  not address waiver or motions to dismiss for lack of personal jurisdiction and the plaintiffs did not
4  object.
5       While MG Design Associates concerns motions to dismiss for lack of personal jurisdiction,
6  the defendants there did not waive the issue, but timely raised it. The court held that a first
7  amended complaint "wiped clean the parties' procedural positions," giving the defendants "an
8  opportunity to raise new Rule 12(b)(2) arguments." 267 F. Supp. 3d at 1012. However, there, the
9  defendant had originally filed (rather than omitted) a motion to dismiss for lack of personal
10 jurisdiction, which the court had denied. Id. at 1010-11. When the court dismissed the claims for
11 other reasons, the plaintiff filed an amended complaint in which it added allegations regarding
12 personal jurisdiction. Id. at 1010-12. The court held that it could revisit the issue of personal
13 jurisdiction. Id. at 1012. The court also held that there were no issues as to waiver because the
14 amended complaint raised new claims and pleaded new facts that would be reviewed for the first
15 time. Id.
16      Defendants also argue that a motion to dismiss for lack of personal jurisdiction was not
17 *available* until Plaintiff filed his second amended complaint, adding allegations that he had moved
18 to Texas because of Defendants' conduct and that some of the acts giving rise to his claims
19 occurred while Plaintiff resided in Texas. See SAC ¶ 15. This argument is not persuasive.
20 Plaintiff's first amended complaint alleged that Defendants were subject to personal jurisdiction in
21 California in an extremely conclusory manner. FAC ¶ 3. Defendants could have objected to
22 personal jurisdiction on that basis. Moreover, Defendants could have raised their current
23 argument, i.e., that there are no facts suggesting that Defendants intended the performance or
24 agreements to have anything to do with California, based on Plaintiff's first amended complaint.
25 Accordingly, Defendants waived their challenge to personal jurisdiction. The Court denies
26 Defendants' motion to dismiss under Rule 12(b)(2).
27 **V.   CONCLUSION**
28      The Court **DENIES** Defendants' motion to dismiss Plaintiff's complaint for lack of subject

7

matter jurisdiction and lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: May 2, 2019

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge